UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES of AMERICA,

                                Plaintiff,

v.

KENT STEVEN DOUB,

                                Defendant.

Case No. 3:23-cr-00651-GPC

**ORDER STATING REASONS FOR DENYING RELEASE PENDING APPEAL**

On June 3, 2026, the United States Court of Appeals for the Ninth Circuit issued a limited remand directing this Court to state, in writing, its reasons for denying Defendant Kent Steven Doub's request for release pending appeal. ECF No. 303. Accordingly, the Court issues the following written statement of reasons supporting its determination that Defendant is not entitled to release pending appeal under 18 U.S.C. § 3143(b).

**BACKGROUND**

On October 6, 2020, the Government sought and obtained a search warrant for Mr. Doub's home and computers, cellular telephones, and storage devices in the home. Search Warrant, Case No. 20-MJ-4361, ECF No. 2. The affidavit in support of the warrant reported that offsite imaging would occur within 45 days and that electronic

1

storage devices will be retained as instrumentalities and would not be returned to the owner. Affidavit in Support of Search Warrant, ECF No. 161-1 at ¶ 46(b). Because analyzing electronic storage devices is time-consuming due to the quantity of data on the storage devices, the affidavit in support of application for search warrant stated that with the approval of the Court in signing the warrant the "personnel conducting the identification and extraction of data will complete the analysis within one-hundred twenty (120) days from the date of seizure pursuant to this warrant, absent further application to this court." *Id*. at ¶ 46(h). On November 20, 2020, the Government applied for a 180-day extension of time to complete examination of digital evidence. Case No. 20-MJ-4361, ECF No. 6. The motion was granted and required the examination to be "completed by May 21, 2021, absent further order from the Court." Case No. 20-MJ-4361, ECF No. 7.

On March 14, 2023, Defendant was arrested for, and charged in a complaint with, a violation of 18 U.S.C. § 2252(a)(2) – Attempted Receipt of Images of Minors Engaged in Sexually Explicit Conduct; and 18 U.S.C. § 2252(a)(4)(b) – Possession of Images of Minors Engaged in Sexually Explicit Conduct. ECF No. 1. On April 11, 2023, Defendant waived indictment and an Information with these same charges was filed. ECF No. 24. On December 4, 2023, the Court granted the United States' motion to dismiss Count 1 of the Information, 18 U.S.C. § 2252(a)(2) – Attempted Receipt of Images of Minors Engaged in Sexually Explicit Conduct. ECF No. 80.

On November 27, 2023, the Government filed a motion seeking "authorization to access computer and digital evidence in preparation for trial." ECF No. 77. The United States sought authority to search for additional evidence within the scope of the original search warrant, including evidence of dominion and control over the seized devices.

23-cr-00651-GPC

Authorization is sought to avoid undue delay in preparation for trial. *Id*. at 17. [1] Authorization was sought through the date of trial. *Id*. While Mr. Doub did not file a written response to the motion for reexamination, at the December 4, 2023 hearing he orally objected on grounds related to the original search warrant and not the reauthorization and subsequent search issues raised herein. This Court granted the motion to reexamine on December 4, 2023. ECF No. 80. Searches of Defendant's computer and digital evidence occurred before trial on September 16, 2024 and October 1, 2024.

On November 12, 2024, Mr. Doub filed a Motion to Suppress Evidence from Subsequent Search of Computer ('the suppression motion") arguing that these subsequent searches were warrantless, or in the alternative, that even if these searches were authorized, the Government failed to conduct the searches within the parameters of this Court's authorizing order. ECF No. 161. On April 25, 2025, the Court denied the suppression motion and concluded that the Government acted in good faith in seeking permission to reexamine the Defendant's computers. ECF No. 197 at 18-19.

On June 3, 2025, following a jury trial, Defendant Kent Steven Doub was convicted of Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B). ECF No. 229. Following Defendant's conviction and sentencing, Defendant filed a notice of appeal. ECF No. 254.

On October 13, 2025, Defendant filed a Motion for Bond Pending Appeal. ECF No. 269. His motion alleged that "exceptional reasons" existed to justify release.  Those reasons included the likelihood (1) that the case would be reversed or (2) that Doub was entitled to a new trial due to the denial of his suppression motion. *Id*. at 4. The Government opposed the motion. ECF No. 281. A hearing was held on November 14,

---

[1] Page numbers are based on the CM/ECF pagination.

23-cr-00651-GPC

2025, at which time the Court observed that given the legal authorities provided by the parties, there may be a substantial issue regarding the court's ruling as to application of the good faith exception. ECF No. 300 at 4-5. The Court continued consideration of Defendant's request for release pending appeal and allowed Defendant to remain on release to January 23, 2026. ECF No. 282. On January 23, 2026, the Court indicated it was prepared to maintain the status quo to permit the appellate briefing to proceed to inform the Court as to the correctness of its ruling on the motion to suppress evidence. ECF No. 301 at 4.

On April 28, 2026, after reviewing the parties' appellate briefs and the relevant authorities, the Court concluded that the government's briefing demonstrated that exceptional circumstances tied to the Court's ruling on the motion to suppress subsequent search no longer existed. Accordingly, Defendant was not entitled to release pending appeal and ordered Defendant to self-surrender. ECF No. 299. At Defendant's request, the Court extended the surrender date to permit Defendant to seek release pending appeal from the Ninth Circuit. *Id*.

On June 3, 2026, the Ninth Circuit issued a limited remand directing this Court to provide a written statement of reasons supporting its denial of release pending appeal. ECF No. 303. The Court issues the following statement in response to that order.

**LEGAL STANDARD**

Under 18 U.S.C. § 3143(b)(1), a person who has been found guilty of an offense, sentenced to a term of imprisonment, and who has filed an appeal "shall be detained" unless the judicial officer finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a

4

23-cr-00651-GPC

term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1). A question is "substantial" if it is "fairly debatable" or "fairly doubtful," not necessarily more likely than not to prevail. *United States v. Handy*, 761 F.2d 1279, 1280–82 (9th Cir. 1985). For certain offenses, detention is otherwise mandated, 18 U.S.C. § 3143(b)(2), but the Court may nevertheless order release upon a showing of "exceptional reasons" why detention would not be appropriate. *Id*. § 3145(c). In assessing "exceptional reasons," district courts have broad discretion to consider the totality of circumstances. *United States v. Garcia*, 340 F.3d 1013, 1018–21 (9th Cir. 2003).

When demonstrating the presence of a substantial question, Congress has "shifted the burden of proof from the government to the defendant," and a defendant seeking release pending appeal therefore bears the burden of satisfying the requirements of § 3143(b). *Id*.

Federal Rule of Appellate Procedure 9(b) requires that a district court "state in writing the reasons" for denying release pending appeal. *United States v. Wheeler*, 795 F.2d 839, 840-41 (9th Cir. 1986). The court's reasons "must be adequately explained" and "conclusory statements are insufficient." *Id*. at 841.

## DISCUSSION

Defendant has not met his burden of demonstrating that release pending appeal is warranted under 18 U.S.C. § 3143(b). The Court initially permitted Defendant to remain on release while it continued consideration of his request for release pending appeal. *See* ECF Nos. 282, 289, 297.

Under the totality of the circumstances, the following facts weigh in Mr. Doub's favor, he is 67 years old, has a long history of gainful employment, and due to the nature of his conviction (Possession of Images of Minors Engaged in Sexually Explicit Conduct), would be vulnerable in a prison environment. Meanwhile, the following

23-cr-00651-GPC

considerations weigh against a finding of extraordinary circumstances: the nature of the criminal conduct is particularly serious; the length of his prison sentence is significant; Mr. Doub's performance on bail has required hearings to address reported violations of conditions of release, ECF Nos. 80, 300 at 6; and Mr. Doub stopped attending therapy after a couple of months and informed the U.S. Probation Office that he was glad to be rid of his treating mental health doctor, ECF No. 300 at 4. Further, following the completion of appellate briefing, the Court reviewed the parties' submissions, the record, and the applicable authorities. The Court now concludes that Defendant's challenge to the subsequent reexamination of previously seized digital evidence does not warrant release pending appeal under § 3143(b). The Court's prior concerns regarding that issue have been alleviated by the Government's appellate briefing. Accordingly, exceptional circumstances warranting Defendant's continued release pending appeal no longer exist. *See* ECF No. 302 at 3.

Because Defendant has not demonstrated that his appeal raises a substantial question of law or fact likely to result in reversal, a new trial, or other relief identified in § 3143(b)(1)(B), release pending appeal is not warranted.

## CONCLUSION

For the reasons stated above, the Court concludes that Defendant has not met his burden under 18 U.S.C. § 3143(b) and is therefore not entitled to release pending appeal.

**IT IS SO ORDERED.**

Dated: June 12, 2026

Hon. Gonzalo P. Curiel
United States District Judge

6

23-cr-00651-GPC